UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRYSTAL SERRANT,

     Plaintiff,

v.

ENQI REAL,
ANN M. TOBIN-LEVIGNE,
AKIVA GOLDMAN & ASSOCIATES,
LAW OFFICES OF JEFFREY
PERLMAN, PLLC,
ST. CLAIR SHORES POLICE,
MICHIGAN CPS OFFICE,
HARPER WOODS DISTINCTIVE
COLLEGE PREP,
HONORABLE JUDGE RACHEL
RANCILLO, and
HONORABLE JUDGE TRACEY A.
YOKICH,

     Defendants.

Case No. 23-11578
Honorable Laurie J. Michelson

_____

**OPINION AND ORDER GRANTING
APPLICATION TO PROCEED IN FORMA PAUPERIS [4] AND
SUMMARILY DISMISSING COMPLAINT [1]**

_____

Crystal Serrant sues a host of defendants, including her ex-husband Enqi Real, over Real's custody of their children and the conditions in which Real raises their children. She asks the Court to reunite her with her children.

**I.**

Along with her complaint, Serrant filed an application to proceed without prepayment of fees or costs. (ECF No. 4.) Under 28 U.S.C. § 1915(a)(1), the Court may authorize commencement of an action without prepayment of fees and costs if the

plaintiff demonstrates that they cannot pay such fees. Serrant states that she is unable to pay the court fees because she takes home around $1600 per month and has high expenses from rent and utilities. (*Id.*) The Court finds that she is thus entitled to proceed in forma pauperis and grants her application to proceed without prepayment of the filing fee and costs. *See* 28 U.S.C. § 1915(a)(1).

## II.

When a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required to survive a motion to dismiss, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but they must "raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). What is plausible is "a context-specific task" requiring this Court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

2

Although a pro se litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). In other words, pro se complaints "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. 2011).

## III.

### A.

Serrant's allegations primarily concern her dissatisfaction with the child-custody arrangement between her and her ex-husband, Enqi Real. Serrant's complaint states she is seeking one form of relief: "Please help me reunite with my 5 small children." (ECF No. 1, PageID.20.) Although Serrant filled out the section of the complaint form for federal-question jurisdiction, she lists only Michigan statutes that concern child custody and familial relations as the basis for her claims. (ECF No. 1, PageID.7 (listing the Michigan Child Custody Act, Parental Responsibility Act, and Michigan Penal Code as the basis for jurisdiction).) Indeed, the factual allegations as to each defendant concern Serrant's relationship with Real and/or their children. (*See, e.g.*, ECF No. 1, PageID.21 (accusing Real of "traffick[ing]" Serrant and her children from New York to Michigan); *id.* (alleging that attorney Ann Tobin-Levigne represented Real in divorce proceedings against Serrant); *id.* (alleging that the law

3

firm Akiva Goldman & Associates "influenced" a judge to dismiss a prior case brought by Serrant against Real); *id.* (alleging that the principal of Harper Woods Distinctive College Prep, the school her children attend, "taunted" Serrant when she "told them [Real] stole my children"); *id.* at PageID.21–22 (alleging that St. Clair Shores police "threatened" Serrant for "calling in excess wellness checks" to where her children reside with Real); *id.* at PageID.22 (alleging Michigan Child Protective Services did not act "regarding [her] situation with [Real]"); *id.* (alleging attorney Jeff Perlman "withheld information" and allowed Serrant "to get railroaded in Macomb County Court" in a case against Real); *id.* (alleging Judge Rancillo and Judge Yokich, who oversaw matters between Serrant and Real, "displayed judicial misconduct on my matter.").)

In general, federal courts do not have jurisdiction over issues of custody or parental rights. *See Evans v. Klaeger*, 12 F. App'x 326, 327 (6th Cir. 2001) (citing *Ankenbrandt v. Richards*, 504 U.S. 689 (1992)). This is known as the "domestic-relations exception" to federal diversity jurisdiction and applies to suits seeking to modify a child-custody decree, among other things. *Chevalier v. Est. of Barnhart*, 803 F.3d 789, 797 (6th Cir. 2015) ("[I]f the plaintiff requests that a federal court determine who should have care for and control a child, then that request is outside the jurisdiction of the federal courts."). So while there may be diversity jurisdiction here —as Serrant claims to be a resident of Georgia, while Real and the other Defendants appear to be residents of Michigan (ECF No. 1, PageID.7–17)—the claims themselves are carved out of this Court's jurisdiction. Indeed, state courts are traditionally the

only available forums for family-law disputes. So if Serrant wishes to change the status of her parental rights, she must go to a state court to do so. And to the extent she has already done so and been denied, this Court cannot undo that ruling.

So because Serrant's claims are covered by the domestic-relations exception, this Court does not have jurisdiction over them. Thus, her complaint will be dismissed.

## B.

The Court also notes that, even if the domestic-relations exception did not apply here, Serrant's claims would be dismissed for failure to state a claim.

As mentioned, Serrant listed a few Michigan statutes in her complaint—including criminal statutes. But Serrant does not have the authority to enforce the Michigan Penal Code. *See Brown v. Specialized Loan Servicing LLC*, No. CV 19-13356, 2020 WL 4588759, at *10 (E.D. Mich. June 9, 2020) ("This is a criminal statute, and the case law is clear that a private right of action may not be premised on criminal statutes." (internal citations omitted)); *see also Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (finding that courts are "quite reluctant to infer a private right of action from a criminal prohibition alone").

And the Michigan Child Custody Act contemplates jurisdiction remaining with a state circuit court. *See* Mich. Comp. Laws § 600.1021(a) (providing that the Family Division of Michigan Circuit Courts has "sole and exclusive jurisdiction over . . . cases of divorce and ancillary matters"); *see also* Mich. Comp. Laws § 722.26(1)–(2) (the

5

Michigan Child Custody Act "applies to all circuit court child custody disputes and actions, whether original or incidental to other actions. . . . [I]f the circuit court of this state does not have prior continuing jurisdiction over a child, the action shall be submitted to the circuit court of the county where the child resides"). Likewise for the Revocation of Paternity Act. *See* Mich. Comp. Laws § 722.1443(1) ("An original action under this act shall be filed in the circuit court for the county in which the mother or the child resides or, if neither the mother nor the child reside in this state, in the circuit court for the county in which the child was born."). This Court is not a family "circuit court" of Michigan or of a Michigan county.

Serrant also lists statutes that the Court either cannot identify or that seemingly have no application to the facts at hand. (*See* ECF No. 1, PageID.13 (listing Parental Responsibility Act and Act 299 of 1980 (occupational code)).)

And though a plaintiff is not always required to cite the exact law they rely on, Serrant does not allege facts that would help this Court or any defendant discern the type of claim she is bringing. The complaint lists conclusory allegations that Real trafficked Serrant and their children and that he is "heavily affiliated with sexual predators," and it purports to attach evidence of Real's social media posts reflecting "grotesque, delusional, demoralizing, deceitful and duplicitous behavior." (ECF No. 1, PageID.18.) Serrant also alleges that Real made false statements about her, but the statements are contained within a complaint for divorce, an affidavit in support of a motion regarding child custody and support, and other court proceedings. (ECF

No. 1, PageID.39–40, 62–64.) The veracity of those statements should have been addressed within the context of those proceedings.

In short, Serrant's various allegations do not amount to a cognizable, plausible claim against any defendant. So her complaint is also dismissed for failure to state a claim.

## IV.

In sum, this Court does not have jurisdiction over Serrant's claims involving her child-custody arrangement with Real. And even with the benefit of liberal construction, Serrant's allegations are otherwise insufficient to state a claim for relief. Accordingly, the Court GRANTS her motion to proceed in forma pauperis (ECF No. 4) and DISMISSES her complaint (ECF No. 1).

SO ORDERED.

Dated: August 2, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE